

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-1998

# Tara M. v. City of Philadelphia

Precedential or Non-Precedential:

Docket 97-1596

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Tara M. v. City of Philadelphia" (1998). *1998 Decisions.* Paper 128.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/128

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 2, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 97-1596

TARA M., By the Guardian of her Estate, Nancy Kanter

v.

CITY OF PHILADELPHIA; PHILADELPHIA DEPARTMENT
OF HUMAN SERVICES; JOAN REEVES, individually and
in her official capacity as Commissioner of the
Department of Human Services of the City of Philadelphia;
JOHN MCGEE, individually and in his official capacity as
Director of Social Services of the Children and Youth
Division, Philadelphia Department of Human Services;
KATHERINE M. CROSS, individually and in her official
capacity as Social Work Administrator of the Adoptions
Branch of the Children and Youth Division, Philadelphia
Department of Human Services; FRANCES CONWELL,
individually and in her official capacity as Social Work
Supervisor of the Adoptions Branch of the Children and
Youth Division of the Human Services; JACQUELINE R.
MARSHALL, Individually and in her official capacity as
Social Case Worker; JOSEPH STUHL, individually and in
his official capacity as Social Case Worker; RICHARD
WALKER, individually and in his official capacity as Social
Case Worker; PENNSYLVANIA DEPARTMENT OF PUBLIC
WELFARE; FEATHER O'CONNOR HOUSTOUN, in her
official capacity as Secretary of the Department of Public
Welfare for the Commonwealth of Pennsylvania;
ASOCIACION DE PUERTORRIQUENOS EN MARCHA, INC.,
["APM, INC."]; HILDA ARTEAGA, individually and in her
official capacity as President of APM, Inc.; JESUS
SIERRA, individually and in his official capacity as
Executive Director of APM, Inc.; MYRIAM MATOS-
MIRANDA, individually and in her official capacity as
Director of the Children, Youth & Family Service Unit of

APM, Inc.; MARIBEL GARCIA, individually and in her
official capacity as Adoption Care Coordinator at APM,
Inc.; NANCY RODRIGUEZ, individually and in her official
capacity as a Foster Care Coordinator at APM, Inc.;
LISETTE GONZALES, individually and in her official
capacity as a Foster Care Coordinator at APM, Inc.; NEW
HOPES OF PHILADELPHIA; FEDERICO RODRIGUEZ;
OWEN W. WILLIAMSON, M.D.; THE CHILD GUIDANCE
CENTER OF THE CHILDREN'S HOSPITAL
OF PHILADELPHIA;

CITY OF PHILADELPHIA; PHILADELPHIA DEPARTMENT
OF HUMAN SERVICES; JOAN REEVES; JOHN MCGEE;
KATHERINE M. CROSS; FRANCES CONWELL;
JACQUELINE R. MARSHALL; JOSEPH STUHL,
        Third Party Plaintiffs

v.

NANCY KANTER, ESQ.,
        Third Party Defendant

FRONTIER INSURANCE COMPANY,
        Intervenor in District Court

        Nancy Kanter, Esquire
        Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 97-cv-01041)

Argued: March 9, 1998

BEFORE: STAPLETON and ALITO, Circuit Judges, and
SHADUR,* District Judge

(Opinion Filed June 2, 1998)
_____

* Honorable Milton I. Shadur, Senior United States District Judge for the
Northern District of Illinois, sitting by designation.

Jeffrey B. Albert (Argued)
McKissock & Hoffman
1700 Market Street – Suite 3000
Philadelphia, PA 19103
 Attorney for Appellant

Richard G. Feder
Divisional Deputy City Solicitor
 (Appeals)
Jane L. Istvan (Argued)
Assistant City Solicitor
Office of the City Solicitor
1600 Arch Street – 8th Floor
Philadelphia, PA 19103
 Attorneys for Appellees
 City of Philadelphia, Philadelphia
 Department of Human Services,
 Joan M. Reeves, John McGee,
 Katherine M. Cross, Frances
 Conwell, Jacqueline R. Marshall
 and Joseph Stuhl

Jay E. Mintzer
Edelstein, Mintzer & Sarowitz
1528 Walnut Street – 22nd Floor
Philadelphia, PA 19102
 Attorney for Appellees
 Asociacion de Puertorriquenos en
 Marcha, Inc., Hilda Arteaga, Jesus
 Sierra, Myriam Matos-Miranda,
 Maribel Garcia, and Nancy
 Rodriguez

OPINION OF THE COURT

STAPLETON, Circuit Judge:

After suffering through years of abuse at the hands of various foster parents, Tara M., a minor represented by a court-appointed guardian, brought an action under the

federal Civil Rights Act, 42 U.S.C. S 1983, and Pennsylvania law against the City of Philadelphia, several municipal and state agencies responsible for child welfare, and a number of individuals associated with those agencies for their allegedly negligent handling of her case. Several of the individuals, the City of Philadelphia, and the Philadelphia Department of Human Services (hereinafter "the city defendants") filed a third-party complaint against Tara's guardian ad litem, Nancy Kanter. They asserted that Kanter had breached various state-law duties in her negligent representation of Tara; therefore, if they were liable to Tara, the city defendants sought contribution from Kanter as a "joint tortfeasor" under Pennsylvania law. Kanter moved to dismiss the third-party complaint, asserting, inter alia, that she, as a court appointed guardian ad litem, was entitled to absolute immunity under section 1983. The district court denied the motion. We will affirm.

I. Background

Tara was born on April 10, 1987. Her 18-year-old mother was in the custody of the Pennsylvania child welfare system at the time, and Tara was consequently committed to the care of the child welfare system as well. During thefirst three years of her life, Tara and her mother were shuttled through six different foster homes. Authorities eventually discovered that Tara had been abused by her mother, and they determined that her mother lacked the ability properly to care for her. Therefore, in November 1990, Tara was separated from her mother and placed in another foster home. In January 1991, the Pennsylvania Court of Common Pleas appointed Nancy Kanter as guardian ad litem for Tara. In June 1995, Tara was placed in yet another foster home where she suffered sexual abuse. Tara's nightmare continued in her next foster home, where she endured a variety of physical tortures. After several months of recovery in various institutions, Tara returned to another private foster home.

In February 1997, Tara, by and through her guardian ad litem, Kanter, filed a civil action in federal district court against the City of Philadelphia, the Philadelphia Department of Human Services, the Pennsylvania

4

Department of Public Welfare, several other social welfare organizations, and several individuals associated with all of these organizations. Her Complaint sought recovery under both federal and state law. Counts I and II of the Complaint assert violations of substantive due process and claim a remedy under 42 U.S.C. S 1983, while Counts III to VI contain general allegations of breach of a state imposed duty of care in failing to protect Tara; failure to exercise ordinary skill, care, knowledge, and judgment in rendering care, protection, and services to her; and deviation from standards governing professional supervision, practice, and behavior in caring for and servicing dependent minors like Tara. Count VII alleges a civil conspiracy to commit unlawful acts that resulted in harm to Tara.

The city defendants filed a third-party complaint against Kanter. They claimed that if they were liable for the harm suffered by Tara, then the guardian ad litem, Kanter, must also have breached her state-law duties to protect Tara. The third-party plaintiffs alleged that Kanter's neglect was a "substantial factor" in Tara's damages, and they were therefore entitled to "contribution and/or indemnity" from Kanter as a joint tortfeasor under Pennsylvania's version of the Uniform Contribution Among Tort-feasors Act, 42 Pa. Cons. Stat. Ann. S 8324 (West 1982).

Kanter moved to dismiss the third-party complaint. She argued that section 1983 does not provide for contribution, neither federal nor state law authorized contribution for liability under section 1983, and in any event she, as a court appointed guardian ad litem, was entitled to absolute immunity under section 1983. The district court denied the motion, observing only that the third-party plaintiffs had not asserted a claim for contribution under section 1983. Kanter now appeals.

A. Jurisdiction and Standard of Review

Normally, orders denying motions to dismiss are not immediately appealable. Such orders do not terminate the litigation and, hence, are not ordinarily final orders within the meaning of 28 U.S.C. S 1291. Nonetheless, some denials of motions to dismiss are final for that purpose. Cohen v.

Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Such orders are reviewable under the so-called "collateral order" doctrine if they 1) conclusively determine a disputed question; 2) resolve an important issue separate from the merits of the underlying action; and 3) would be effectively unreviewable on appeal from a final judgment. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 11-12 (1983); Rolo v. General Dev. Corp., 949 F.2d 695, 700 (3d Cir. 1991).

This appeal falls within the collateral order exception. First, although the district court did not expressly rule that Kanter was not immune from liability for contribution toward the third-party plaintiffs' liability under 42 U.S.C. S 1983, the order so rules by direct implication. Citing Black v. Bayer, 672 F.2d 309 (3d Cir. 1982), Kanter expressly argued that, by virtue of section 1983, she was entitled to absolute immunity that protected her from having to defend against the third-party complaint. The effect of the district court's order was to require her to defend against that complaint. Thus, the court must be understood as having finally determined that Kanter was not entitled to the protection she claimed. Second, the issue of whether Kanter is entitled to be free of the burden of defending the third-party complaint is an important one unrelated to the merits of that complaint. Finally, the district court's refusal to dismiss the third party complaint is effectively unreviewable after entry of final judgment because immunity from suit is "an entitlement not to stand trial or face the other burdens of litigation," an entitlement that is "effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Therefore, we conclude that the district court's rejection of Kanter's claim of immunity falls within the collateral order exception to the finality rule and is subject to immediate review.1 Because the relevant issues in this case present

_____

1. At the conclusion of her Brief, Kanter raises two other arguments only tangentially related to the issue of immunity under section 1983. Even if we were inclined to invoke a form of "ancillary jurisdiction" over issues
that are simply presented along with an immediately appealable order denying immunity from suit, it does not appear that Kanter raised either argument below, and we will not address them for the first time on appeal.

pure questions of law, we exercise plenary review. Carver v. Foerster, 102 F.3d 96, 99 (3d Cir. 1996).

II. Discussion

Kanter argues that she is entitled to immunity from the third-party claim based on this court's decision in Black v. Bayer, 672 F.2d 309 (3d Cir. 1982). Black involved a lawsuit by a dissatisfied client asserting that his court-appointed attorney failed to represent him effectively, resulting in an allegedly improper conviction. We rejected this claim, holding that criminal defense counsel appointed by a court enjoy immunity from civil liability under section 1983. We reasoned that potential liability would deter many qualified attorneys from accepting court appointments in criminal cases. Kanter urges us to extend the holding of Black to court-appointed guardians ad litem. We need not decide whether guardians ad litem should be cloaked with immunity from liability under section 1983, however, because any federal immunity that she may enjoy is not implicated here.

In any situation in which contribution is being sought, it is helpful to recognize that three distinct liabilities are involved that may arise from different sources. Thefirst is the liability to the injured party of the party seeking contribution. Here, if the city defendants are liable to Tara, that liability may be based on federal law (S 1983), state law (negligence or conspiracy), or both. The second is the liability for contribution. Here, the city defendants assert a state law basis for the duty to pay contribution (the Uniform Contribution Among Tort-feasors Act). Finally, since contribution requires a common obligation to the injured party, there is the liability to the injured party of the party from whom contribution is sought. Here, the city defendants allege that Kanter owed a state law duty to Tara ("a duty to Tara M. to provide competent representation as is due to an adult client," App. at 59 (Third-Party Compl. P5)) which was breached by her.

In a suit where the party seeking contribution alleges that a joint tortfeasor has liability to the injured party based on the federal Civil Rights Act, contribution may well

7

be barred if the tortfeasor would have absolute immunity in a Civil Rights Act suit brought by the injured party. In such a situation, awarding contribution would impose upon the tort feasor indirectly a liability against which she is absolutely immune under federal law.

This is not, however, the situation currently before us. Here, the party seeking contribution has alleged that Kanter is liable to Tara on the basis of a state-imposed duty of care. A state that imposes such a duty is free to determine for itself who, if anyone, will be immune from suits to enforce that duty. Ferri v. Ackerman, 444 U.S. 193, 198 (1978). Accordingly, in these circumstances, a grant of contribution can impose upon Kanter no liability from which she is protected under federal law. It is state law that determines the availability and extent of contribution here and, even though imposition of liability upon the city defendants is a matter of federal concern, the duty of contribution involves no potential conflict with federal law or policy.

In Poleto v. Consolidated Rail Corp. 826 F.2d 1270 (3d Cir. 1987), for example, an injured railroad worker had sued Conrail under the FELA, and Hammermill Paper Company, the owner of the property where the injury occurred, under Pennsylvania negligence law. Conrail cross-claimed against Hammermill for contribution, and we ultimately were called upon to determine whether state or federal law controlled the issue raised by the claim for contribution. We acknowledged that federal law ordinarily controls issues of contribution when the tort feasors are alleged to share a federal liability. We held, however, that the law of Pennsylvania governed the contribution issue before us because "there was no federal interest at stake" and the "controversy between Conrail and Hammermill [was one] that sound[ed] exclusively in state law." Id. at 1282.

Just as in Poleto, the controversy between the city defendants and Kanter sounds exclusively in state law, and we therefore hold that Kanter is not entitled to federal immunity from the contribution claim of the city defendants. Having resolved the immunity issue that brings the case before us at this time, we decline to express any view on the unrelated issue of whether the third-party

8

complaint states a claim on which contribution can be granted under Pennsylvania law. The district court's order denying Kanter's motion to dismiss will be affirmed.

9

SHADUR, Senior District Judge, dissenting:

Just this Term the Supreme Court's opinion in Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 1012–16 (1998) has instructed that whenever subject matter jurisdiction is lacking a federal court must dismiss on that score, no matter how clear the path to a disposition on the merits may seem to be. Because my view is that we are indeed without jurisdiction here, I regret my inability to join in the majority's discussion and analysis (though I should add that if my view on the jurisdictional issue were different, I would be pleased to sign onto that persuasive opinion on the merits).

In this instance appellate jurisdiction is sought to be predicated on the collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), as it has been extended to district court decisions on immunity by Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) and its progeny such as Swint v. Chambers County Comm'n, 514 U.S. 35 (1995). But the difficulty here is that the district judge never decided the question of the claimed immunity of third–party defendant Nancy Kanter ("Kanter") either way. Instead he pegged his ruling on the viability under Pennsylvania state law of the third–party malpractice claim that was advanced by the City of Philadelphia ("City") and its codefendants against Kanter. For us to have jurisdiction on appeal, then, we must hold that a ruling on immunity is somehow implicit in the district court's disposition.

That is a hurdle that I do not believe has been surmounted here. City's third–party complaint against attorney Kanter seeks to hold her liable on malpractice grounds, which the unanimous opinion in Ferri v. Ackerman, 444 U.S. 193, 197–98, 204–05 (1979) has confirmed is entirely a matter of state law.1 In fact, Ferri itself reversed a ruling by the Supreme Court of Pennsylvania that had looked to the federal law of judicial immunity (more accurately, to the branch of that doctrine

_____

1. Indeed, the characterization of City's claim as one sounding in state law has been confirmed by both attorney Kanter and the City in their briefs before us.

10

that applies to defense counsel such as attorney Kanter) on the ground that the counsel there had been appointed under the Criminal Justice Act in a federal criminal case. That approach was unanimously rejected by the United States Supreme Court precisely because the malpractice issue was entirely a matter of state law.

To put the situation before us in the same terms that were stated in Ferri, federal law does not serve as the source of the City's malpractice claim against attorney Kanter, so as to create "a federal interest in defining the defenses to that claim, including the defense of immunity" (444 U.S. at 198 n.13). It seems to me that Ferri necessarily confirms that a state law claim that charges lawyer malpractice by a court-appointed lawyer (even one who had been appointed in a federal case as in Ferri, unlike the situation here) presents pure issues of state law that do not by their nature implicate the federal doctrine of absolute immunity. And that to me buttresses the notion that the district court's nondecision on the issue of immunity deprives his order of the type of quasi-finality that the Supreme Court has recognized as conferring appealability in the collateral-order-doctrine cases such as Mitchell and succeeding cases.2 As was true in Swint, 514 U.S. at 42–43, any issue as to Kanter's claimed immunity (if it is not actually mooted, as it would be if City and its codefendants were to prevail on the merits of plaintiff's lawsuit against them) "may be reviewed effectively on appeal from final judgment" (id. at 43).

That I believe compels us under Steel Co. to halt the discussion at the outset by dismissing the appeal for lack of subject matter jurisdiction. Accordingly I respectfully dissent.

_____

2. It may be noted in passing that I do not view this case as posing the same kind of difficulty that caused dismissal of an appeal that had also sought to invoke the Cohen doctrine in Johnson v. Jones, 515 U.S. 304 (1995). Unlike that case, this one does present a legal issue rather than the fact-bound questions that foreclosed interlocutory appealability there.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit