

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2005

# Jones v. Maher

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3993

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jones v. Maher" (2005). *2005 Decisions*. Paper 1171.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1171

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3993
_____

JOHN H. JONES;
TIMOTHY R. JOHNSON

v.

JOSEPH MAHER; EDWIN HESSE, of JJ Peters Institute;
WILLIAM F. WARD, of PA PBPP; NORMAN DEMMING,
Program Manager; PATRICIA BLIZZARD, P.O. Supervisor;
PATRICIA GINOCCHETTI, C.H.A.; JERRY WRIGHT;
CHRIS PUTNAM, Manager of A Block;
THOMAS WASILEWSKI; RICH KELLER, Counselor

Timothy R. Johnson,
Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00085)
District Judge: Honorable Richard P. Conaboy
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 10, 2005

Before: ROTH, BARRY AND SMITH, CIRCUIT JUDGES

(Filed: May 17, 2005)

OPINION
_____

PER CURIAM.

Timothy Johnson, an inmate at the State Correctional Institution at Dallas, Pennsylvania, is serving a 3.5 to 20 year sentence imposed in 1992 for a rape conviction. In 2003, Johnson (along with another inmate, who is no longer a party to this action) filed an Amended Complaint in which he raised seven claims: (1) the defendants improperly required him to complete institutional programs that are non-existent or have no rehabilitative value in order to gain favorable parole consideration; (2) the defendants conspired in developing a discriminatory sex offender program thereby violating his equal protection rights; (3) the defendants maliciously labeled him a sex offender, and altered his program to reflect that he had not completed any institutional rehabilitation programs; (4) the defendants violated the Eighth Amendment by exposing him to environmental tobacco smoke; (5) he suffered retaliatory treatment for submitting institutional grievances including verbal threats and transfer to a smoking cell block; (6) the defendants conspired to enhance his sentence, violating the Ex Post Facto Clause; and (7) intentional infliction of emotional distress and slander.[1] As to all of his claims, Johnson sought monetary damages, and as to his parole-related claims, he also sought release from custody.

Defendants Maher and Hesse filed a motion to dismiss the Amended Complaint,

---

[1] In his cross-motion for summary judgment and again in his notice of appeal, Johnson raised an additional claim that the sex offender program violates the Fifth Amendment because it requires program participants to admit their guilt. The District Court correctly rejected this claim as not properly presented, and this Court does not address issues presented for the first time on appeal. See Tara M. by Kanter v. City of Philadelphia, 145 F.3d 625, 628 n.1 (3d Cir. 1998).

which the District Court granted. The remaining defendants subsequently filed a motion for summary judgment, which the District Court granted. The District Court found that Johnson failed to exhaust administrative remedies regarding his claims that he was subjected to discriminatory parole consideration and retaliatory conduct. The District Court also found there were insufficient facts to support a conspiracy claim. Furthermore, the court found no equal protection violation because Johnson failed to show that the defendants engaged in intentional or purposeful discrimination, or that they treated Johnson differently from similarly situated individuals on the basis of his race or the fact that he is a sex offender. Concerning the alleged retaliatory transfer, the court found that there were no allegations that the defendants had any personal involvement in retaliating against or transferring Johnson, that his request for transfer back to the smoke-free Cell Block A is moot because he was already afforded that relief, and the exercise of Johnson's constitutional rights was not a substantial or motivating factor in his transfer to another cell block. The District Court found that neither injunctive nor monetary relief is appropriate for Johnson's Ex Post Facto claim, and that the proper method of raising his constitutional challenge to the denial of parole is by filing a petition for writ of habeas corpus. Finally, because the District Court rejected all the federal claims, it declined to exercise jurisdiction over Johnson's pendent state law claims.

Johnson timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. He has been granted leave to proceed in forma pauperis on appeal. When an

3

appellant proceeds in forma pauperis, this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). After a careful review of the record, we will dismiss this appeal as frivolous.

The Prison Litigation Reform Act provides that "[n]o action shall be brought . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a prisoner must exhaust all available administrative remedies prior to filing suit. Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). Here, as the District Court correctly found, Johnson filed several written grievances concerning his claims of discriminatory parole consideration and retaliation, but did not seek final administrative review of these grievances. Johnson's contention that the grievance process was technically exhausted because he subjectively believed his administrative remedy is inadequate is unavailing. See id. Thus, the District Court correctly dismissed these claims.

Next, we agree with the District Court that Johnson failed to allege any facts to support a claim that the defendants intentionally or purposefully discriminated against him based upon his race or status as a sex offender. See Wilson v. Schillinger, 761 F.2d

4

921, 929 (3d Cir. 1985). Thus, the District Court properly dismissed his equal protection claim. The District Court also correctly dismissed Johnson's conspiracy claim, as his broad and conclusory allegations were insufficient to state a viable claim under 42 U.S.C. § 1985. See D.R. by L.R. v. Middle Bucks County Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992).

In addition, Johnson's claim regarding his transfer to a smoking cell block lacks merit because he did not allege any facts to indicate that the defendants had personal involvement in his transfer, except possibly as to defendant Putnam, who allegedly stated to Johnson that he was appropriately housed. See Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003). In any event, Johnson's allegations of retaliation do not satisfy the standard set forth in Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Therefore, this claim was properly dismissed.

The District Court also correctly concluded that Johnson's Ex Post Facto claim for monetary damages is premature until the basis for the parole denial is rendered invalid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In addition, the District Court did not err by dismissing Johnson's Ex Post Facto challenge seeking conditional release as not properly raised in a § 1983 action. See Edwards v. Balisok, 520 U.S. 641, 648 (1997). Johnson may reassert his Ex Post Facto claim or other constitutional challenge to the denial of his parole via a properly filed federal habeas corpus petition. See Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) (holding that a challenge to the constitutionality of

5

parole denial may be brought in 28 U.S.C. § 2254 habeas proceeding).  Finally, because all the federal constitutional claims were properly dismissed, the District Court properly declined jurisdiction over Johnson's supplemental state law claims.  See 28 U.S.C. § 1367(c)(3).

In sum, because Johnson's appeal lacks arguable merit, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  As noted, the dismissal of Johnson's civil rights complaint does not preclude him from seeking habeas relief (after properly exhausting state court remedies) with regard to the alleged constitutional violations in the denial of parole.  Johnson's motion for appointment of counsel, "Motion to Receive Legal Supplies," and "Supplemental Addendum" seeking to join Donald Jones as a defendant are denied.  In addition, Johnson's request for injunctive relief is denied, as such relief is not appropriately sought in this Court in the first instance.